**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-40535
(Summary Calendar)

In The Matter Of KELLEY ROGERS,

                                                                        Debtor;

HERBERT M. LINSENBERG,

                                                                        Appellant,

versus

KELLEY ROGERS,

                                                                        Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 96-CV-164

December 19, 1997
Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Herbert M. Linsenberg ("Linsenberg") asks this court to reverse the district court's

judgment upholding appellee Kelley Rogers' ("Rogers' ") Chapter 13 plan and to dismiss the plan

with prejudice. We find no error on the part of the district court and we thus deny Linsenberg's

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requested relief and AFFIRM the judgment of the district court.

## BACKGROUND

Rogers, a political consultant, was hired by Linsenberg to manage his political campaign for the office of controller of Philadelphia, Pennsylvania in 1993. Following the election, facts came to Linsenberg's attention which caused him to file an action against Rogers for misappropriation of campaign funds. The day before the Pennsylvania trial was scheduled to begin regarding this matter, Rogers filed a Chapter 13 petition in Texas. The Pennsylvania action was stayed until the bankruptcy court entered an order modifying the automatic stay and allowing Linsenberg to proceed with his suit. Rogers, however, did not appear in that action and a default judgment was entered against him for $78,099.36 in compensatory damages and $234,298.08 in punitive damages. Linsenberg subsequently modified his proof of claim with the bankruptcy court to reflect the amount of this judgment. He also filed objections to Rogers' Chapter 13 plan which provided for the payment of a 1.3% dividend to Linsenberg over its three-year life. Specifically, Linsenberg challenged: (1) whether the plan was confirmable in light of his allegation that Rogers did not include all his disposable income to fund the plan as required by 11 U.S.C. §1325(b); and (2) whether Rogers filed his Chapter 13 petition in good faith as required by 11 U.S.C. §1325(a)(3). The bankruptcy court confirmed the plan and the district court upheld its decision. Linsenberg timely appeals, raising only the second of his original two issues before this court.

## DISCUSSION

While Linsenberg purports to set forth only one issue for this court's consideration, Rogers notes that Linsenberg's appeal actually raises two points of concern: 1) whether the district court applied the proper standard of review and 2) whether Rogers' Chapter 13 plan was filed in good faith

within the meaning of 11 U.S.C. §1325(a)(3). We first address Linsenberg's preliminary argument that the district court applied the incorrect standard of review to the bankruptcy court's decision upholding Rogers' Chapter 13 filing. Citing no authority for his proposition, Linsenberg asserts that the district court should have applied a "*de novo* review of the Bankruptcy Court's legal conclusion," and not the clearly erroneous standard which it actually employed in its consideration of this matter. Linsenberg's argument reflects a misunderstanding of the issue, however, as he fails to realize that the questions he raised before the district court turned precisely upon a factual analysis, to which the clearly erroneous standard applies. In In re Chaffin, 816 F.2d 1070, 1074 (5th Cir. 1987), modified, 836 F.2d 215 (5th Cir. 1988), t his court indicated that a determination of good faith is a factual determination. In its memorandum opinion and order in this matter, the district court correctly indicated that "[o]n appeal, the District Court will review . . . questions of fact under a clearly erroneous standard." (citing, in part, In re Killough, 900 F.2d 61, 63 (5th Cir. 1990)). Because its analysis concerned only factual determinations, we conclude that the district court properly applied the clearly erroneous standard in review of the bankruptcy court's decision.

Linsenberg offers more vigorous support of the main issue that he raises on appeal—whether the district court erred in upholding the confirmation of Rogers' Chapter 13 plan which Linsenberg alleges was filed in bad faith. With regard t o that issue, we may only reverse the district court's finding if we determine that it was a product of clear error. See id. We conclude that it was not. This Court summarized the standard of review for the findings of the bankruptcy court as follows: "[w]e review the findings of the bankruptcy court just as we would findings from a trial in the district court. . . . Hence, we will not overturn findings of fact unless they are clearly erroneous, . . . but we review issues of law de novo." Id. at 63. Once again, a good faith determination is a finding of fact

3

which this court will review for clear error.

Both parties note that a good faith determination pursuant to 11 U.S.C. §1325(a)(3) is made based on this Court's "totality of the circumstances" test. See Public Finance v. Freeman, 712 F.2d 219 (5th Cir. 1983). Linsenberg suggests that the district court failed to take into account Rogers' earning capacity, which Linsenberg argues is a relevant consideration in the totality of the circumstances test. While Linsenberg's assertion that future earning capacity may be a relevant factor is certainly correct, the test for good faith encompasses more than any single, isolated factor. Thus, we cannot conclude that the district court's conclusion that Rogers' plan was submitted in good faith based on the totality of the evidence was clearly erroneous. The district court determined that:

> [a] challenge to a debtor's plan under 11 U.S.C. sec. 1325(b) must be supported by competent evidence. In this case, Rogers came forward and submitted to the court documentary evidence and live testimony regarding his income history and his estimated monthly business and personal expenses. Linsenberg made only bare allegations that Rogers' earning capacity was greater than estimated and his expenses were grossly exaggerated. The bankruptcy court found that there was no "[c]redible evidence. . . offered to rebut the Debtor's budget . . . . Based on the record regarding this issue, the Court will not reverse the decision to confirm the plan. (internal citations and footnotes omitted).

Based on our review of the record we find the district court's review of the "totality of the circumstances" factors was not clearly erroneous.

## CONCLUSION

We are satisfied that the district court applied the correct standard of review and that its findings were not clearly erroneous. Based on this conclusion, we AFFIRM the decision of the district court.